**LEONARD ADONIS, Plaintiff**

v.

**FLUOR ENGINEERS & CONSTRUCTORS, INC., HESS OIL VIRGIN ISLANDS CORP., Defendants**

Civil No. 1975-67

District Court of the Virgin Islands

Div. of St. Croix

September 18, 1975

LEONARD ADONIS, Christiansted, St. Croix, V.I., *pro se*

BIRCH, DEJONGH & FARRELLY, ESQS. (ALEXANDER A. FARRELLY, of counsel), Charlotte Amalie, St. Thomas, V.I., *for defendant Hess*

NICHOLS & SILVERLIGHT, ESQS. (IRWIN J. SILVERLIGHT, of counsel), Christiansted, St. Croix, V.I., *for defendant Fluor Engineers and Constructors, Inc.*

YOUNG, *District Judge*

Defendants have independently and jointly moved this Court to dismiss plaintiff's complaint based upon Fed. R. Civ. P. 41(b). Normally, dismissal under this subdivision operates as an adjudication upon the merits. Such would be the case if this Court dismissed plaintiff's complaint for failure to comply with previous orders of this Court as well as for failure to prosecute his cause of action. This, it would appear, is the gravamen of defendants' motion.

However, defendants' memoranda are also concerned with this Court's lack of jurisdiction over the matter in dispute and Fed. R. Civ. P. 12(h)(3) permits the district court to recognize its own lack of subject matter jurisdiction and to dismiss an action without prejudice when such is the case. Of course, under Fed. R. Civ. P. 41(b), the Court can also direct dismissal without prejudice. Accordingly, for the reasons which follow, plaintiff's cause of action will be dismissed without prejudice.

The history of this particular piece of litigation is singularly troubling. On February 5, 1975, plaintiff filed his complaint seeking damages in the amount of $1,500,-000.00, alleging both a "conspiracy to deprive" and the commission of an "act of genocide" following defendants' refusal to employ him pursuant to an alleged oral contract of employment dated January 13, 1975. Appearing pro se, plaintiff naturally had difficulty in properly effectuating service of process. Rather than dismiss his cause of action for that technicality (as defendants so moved), this Court, at a hearing conducted on March 26, 1975, gave plaintiff ten (10) more days to properly effect service—with which order plaintiff promptly complied. At that hearing, the Court also suggested to plaintiff that he obtain local

counsel but plaintiff manifested his intention to persevere on his own.

The next chapter in this matter was written on May 28 when a further hearing was held to consider defendants' motions for an Order directing plaintiff to file a more definite statement and striking from plaintiff's complaint the language of paragraph 8 thereof which read: "This is conspiracy to commit genocide. Same style and method used by Nazi Germany." At this hearing, the desirability of obtaining counsel was again impressed upon plaintiff by the Court but plaintiff dogmatically reiterated his desire to go it alone and further added that no local counsel would take his case. Upon further questioning, plaintiff admitted that he had not adequately attempted to obtain counsel. Whereupon, this Court suggested the names of several counsel and granted both of defendants' motions pursuant to Fed. R. Civ. P. 12(e) and 12(f), respectively. Further, the Court ordered the submission of the requested more definite statement within twenty (20) days from June 6, 1975.

Plaintiff attempted to comply with this order by submitting yet another pleading entitled "Order Striking Out Paragraph 8" which, in substance, turned out to be a mere rephrasing of his original complaint coupled with new causes of action purporting to allege violations of Title 7 of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) et seq.) as well as the 13th, 14th, and 15th Amendments of the U.S. Constitution. This gave rise to still another hearing on July 16, 1975, to consider defendants' motions for an Order directing plaintiff to eliminate his paragraphs referring to "Nazi Germany" and "genocide" as impertinent and scandalous material pursuant to Fed. R. Civ. P. 12(f) (plaintiff had failed to comply with this Court's previous Order to the same effect), striking out that portion of his amended complaint which alleged a violation

of 42 U.S.C. § 2000(e) et seq. for failure to exhaust his administrative remedies (see 42 U.S.C. § 2000(e)–5(c), 10 V.I.C. § 3(a)(1), and 24 V.I.C. § 451 et seq.), dismissing his Constitutional Amendments' allegations pursuant to Fed. R. Civ. P. 12(f)(6), for failure to state a cause of action upon which relief may be granted and barring any further such pleading, mandating that a more definite statement be filed within thirty days, and decreeing that plaintiff's failure to comply with the terms of the Order would give rise to the application of such sanctions as this Court would deem equitable and just.

At the aforementioned hearing, this Court once again took the time to explain to plaintiff the intricacy of the law and the desirability of his retaining counsel for effective representation. In response, plaintiff repeated his earlier assertion that he could not obtain adequate representation but admitted he had been less than zealous in attempting to do so. Moreover, he promised to henceforth obey the lawful orders of this Court. Whereupon, this Court granted the defendants' motions in toto.

All this transpired on July 16, 1975. Now we once again have this matter before us pursuant to defendants' Fed. R. Civ. P. 41(b) motion to dismiss. Thirty days have come and gone since the previous Order without plaintiff attempting to comply with it. One week after the deadline (and one day after the filing of defendants' latest motion), plaintiff finally responded to the previous Order by filing yet another amended complaint together with a motion asking the Court to "dismiss" its previous Order on the grounds that the Court lacked jurisdiction of the controversy. Taken in perspective, this demonstrates why counsel's assistance would be valuable to plaintiff. True, in his amended complaint, plaintiff did delete the scandalous material and omit all references to his Constitutional allegations. But he maintained his 42 U.S.C. § 2000(e) et

seq. allegation, added a new one based upon 24 V.I.C. § 451 et seq., and once again failed to submit a more definite statement—all in disregard of this Court's previous Order.

There comes a time when all good things must end. The Courts of the United States exist to determine genuine controversies and mete out justice. Liberalized rules and the elimination of baroque procedural technicalities were instituted to enable litigants to have their disputes resolved on the merits, and not via arcana. But the Courts of this nation are very busy and there are limits on their time and patience which ought not to be taxed.

From the very outset of this litigation, plaintiff has failed to plead in accordance with the Federal Rules of Civil Procedure, repeatedly ignored the advice of the Court to obtain legal representation, and acted with considerable disregard for the Orders of this Court. Notwithstanding this Court's efforts to bear with plaintiff's inexperience, plaintiff has neither manifested any intention nor demonstrated any willingness to adhere to the advice or edicts of this Court. Such blatant shunning of our jurisprudential system should not and cannot be encouraged. Plaintiff's complaint will therefore have to be dismissed without prejudice.

If the essence of plaintiff's claim is alleged racial discrimination in employment hiring by defendants, then both 42 U.S.C. § 2000(e) et seq. and 24 V.I.C. § 451 et seq. require resort to administrative remedies before the jurisdiction of this Court can be invoked. Plaintiff is therefore advised to contact the Equal Employment Opportunity Commission and/or the Virgin Islands Department of Labor. On the other hand, if plaintiff is alleging a breach of an oral employment contract, then this Court respectfully directs him to seek out counsel and have counsel pursue the matter as he or she deems best. But the

*pro se* days of this plaintiff, in this cause of action, in this Court, have come to an end.

## ORDER

For the reasons set forth in the foregoing Memorandum, it is hereby

ORDERED that plaintiff's complaint be and is hereby DISMISSED without prejudice.